UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT KIDECKEL,<br><br>         Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>         Defendant. | Case No.: 20-cv-00681-DMS (JLB)<br><br>**ORDER RE: E-MAIL COMMUNICATIONS WITH THE COURT** |

On February 1, 2021, Plaintiff Brent Kideckel ("Plaintiff") e-mailed several documents to the undersigned's e-file address asking the Court to file them "as a reasonable accommodation" under the Americans with Disabilities Act ("ADA"). These documents include the following pleadings signed by Plaintiff: (1) Notice of Withdrawal of Plaintiff's Motion to Dismiss; (2) Motion to Continue All Proceedings for 180 Days Per COVID-19; (3) Motion to Vacate Order Sanctioning Plaintiff; and (4) Order to Show Cause.

As Plaintiff has been instructed on multiple occasions, uninvited communications with the Court via Judge Burkhardt's e-file e-mail address are **prohibited** and **will be disregarded**. (*See* ECF Nos. 23, 26, 27, 31, 35, 39, 43.) He has further been advised that e-mailing documents to chambers does not constitute the filing of pleadings. Any pleadings must be filed on the docket. He was additionally, more specifically advised that

"[a]ny future pleadings must be filed with the Clerk's Office, in person, by mail, or using CM/ECF, in accordance with court rules and procedures." (*See* ECF Nos. 35; 39 at 2 n.1.) Plaintiff purports to request an ADA accommodation but the Court is unaware of any reason Plaintiff would have the ability to draft and e-mail pleadings, but no ability to mail them.[1]

Although the Court has warned Plaintiff that further violations of the its orders on e-mail communications with the Court will result in an additional order to show cause why sanctions should not issue, the Court will give Plaintiff the benefit of the doubt and assume that Plaintiff was not clear on the proper basis for or manner to request an accommodation under the ADA. Further, the Court will generously assume that Plaintiff overlooked (in spite to the Court's earlier communications) his ability to file pleadings by mail. Accordingly, the Court will not issue an Order to Show Cause with respect to his latest communication and the Court will direct the Clerk's Office to file Plaintiff's (1) Notice of

---

[1] Although Plaintiff asserts in his proffered Motion to Vacate Order Sanctioning Plaintiff that "Plaintiff DID inform the Court that he required authorization to file via PACER, which was not granted," any such request must be made to the District Judge and no such request appears on the docket in this case. Per page 8 of the Electronic Case Filing Administrative Policies and Procedures Manual:

> A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual. If granted leave to electronically file, the pro se party must register as a user with the Clerk's Office and as a subscriber to PACER within five (5) days.
>
> A pro se party must seek leave to electronically file documents in each case filed. If an attorney enters an appearance on behalf of a pro se party, the attorney must advise the Clerk's Office to terminate the login and password for the pro se party.

https://www.casd.uscourts.gov/_assets/pdf/cmecf/Electronic%20Case%20Filing%20Procedures%20Manual.pdf

Withdrawal of Plaintiff's Motion to Dismiss; (2) Motion to Continue All Proceedings for 180 Days Per COVID-19; and (3) Motion to Vacate Order Sanctioning Plaintiff.

Plaintiff also attached to his email an Order to Show Cause upon which he has typed "FILED UNDER SEAL." Plaintiff does not attach a motion to file the document under seal and the document does not appear on its face to meet the legal requirements for filing under seal. The Court will not authorize a document to be filed under seal that should not properly be filed under seal, and the Court will not authorize to be filed on the public docket a pleading Plaintiff submitted with the expectation that it would only be filed under seal. Thus, the Court will not direct the Clerk's Office to file Plaintiff's Order to Show Cause.

If Plaintiff wishes to file any documents in the future, he must do so through the Clerk's Office. The Court has attached information regarding filing through the Clerk's Office to this Order.

**IT IS SO ORDERED.**

Dated: February 3, 2021

Hon. Jill L. Burkhardt
United States Magistrate Judge

**FILING INFORMATION**

All documents submitted for filing to the Clerk's Office by parties appearing without an attorney must be in legible, paper form.  The Clerk's Office will scan and electronically file the document.  Documents may be submitted for filing by delivering them in person to the Clerk's Office or sending them by U.S. Mail to the Clerk of the Court at the following address:

>Clerk of the Court
>United States District Court
>Southern District of California
>333 West Broadway, Suite 420
>San Diego, CA 92101

If you have any questions regarding filing, the Clerk's Office's telephone number is (619) 557-5600.  The Clerk's Office is open to the public Monday through Friday from 8:30 a.m. until 4:30 p.m.