UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRENT KIDECKEL,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　　　　　　　Defendant. | | Case No.: 3:20-cv-00681-DMS (JLB)<br><br>**ORDER DENYING WITHOUT PREJUDICE: (1) PLAINTIFF'S MOTION TO VACATE SANCTIONS; AND (2) PLAINTIFF'S MOTION TO CONTINUE ALL PROCEEDINGS FOR 180 DAYS**<br><br>**[ECF Nos. 46, 47]** |

　　　　On February 1, 2021, Plaintiff Brent Kideckel ("Plaintiff") submitted a motion to vacate the Court's order sanctioning Plaintiff (ECF No. 46) and a motion to continue all hearings and proceedings in this case for 180 days (ECF No. 47), which the Court directed the Clerk's Office to file (ECF No. 45). For the reasons set forth below, the motions are **DENIED WITHOUT PREJUDICE**.

　　　　First, Plaintiff seeks to continue all hearings and proceedings in this case for 180 days until the public health crisis and Plaintiff's personal health crisis have lapsed. (ECF No. 47.) Plaintiff provides no support for this request. The Court has been open and functioning throughout the COVID-19 pandemic. All appearances in this case have been telephonic or by video. Plaintiff has demonstrated an ability to appear in both capacities.

(*See* ECF Nos. 11, 24.)  Moreover, Plaintiff has demonstrated an ability to draft pleadings and, as the Court has repeatedly informed Plaintiff, he can file his pleadings by mail. (*See* ECF No. 45.)  Accordingly, the Court **DENIES** Plaintiff's motion to continue **WITHOUT PREJUDICE**.

Second, Plaintiff seeks to vacate the Court's order sanctioning him $75.  (ECF No. 46.)  On December 18, 2020, the Court sanctioned Plaintiff $75 "for his failure to appear at the Mandatory Settlement Conference ['MSC'] scheduled in this action on December 1, 2020."   (ECF No. 33 at 3.)   The payment was due on or before January 15, 2021, with a notice of payment filed on or before January 29, 2021. (*Id.*)

Plaintiff contends that he responded to the Court's December 2, 2020 Order to Show Cause ("OSC"), but the Court failed to recognize it. (ECF No. 46 at 1.)  He further contends that he "initiated" a motion to dismiss this case in September. (*Id.*)  Plaintiff argues that the Court should have recognized "the filings submitted" by e-mail, even if he "did not specifically ask that the filings be recognized under the ADA." (*Id.*)  Plaintiff further contends that he informed the Court that he required authorization to file via PACER, but this request was not granted, and that he is "severely immunocompromised and unable to visit the Federal Courthouse." (*Id.* at 2.)  Lastly, Plaintiff contends that the Court told him "to file to 'EFILE' email address." (*Id.*)

As the Court stated in its order sanctioning Plaintiff, "the record is devoid of any justification for Plaintiff's failure to comply with the Court's August 11, 2020 and November 24, 2020 orders requiring him to submit a confidential settlement statement and appear at the MSC." (ECF No. 33 at 2.)  The record is *still* devoid of any justification for Plaintiff's failure to appear at the MSC.   The Court ordered Plaintiff to "**FILE** a declaration" in response to the OSC. (ECF No. 30 at 2.)  Plaintiff has never *filed* anything addressing his failure to appear at the MSC.  In fact, even Plaintiff's instant motion to vacate the sanctions order fails to address the basis for the OSC—Plaintiff's failure to attend the MSC *by video*.

///

Plaintiff claims that he e-mailed the Court his justification. However, the Court had previously informed Plaintiff on at least three occasions that uninvited e-mails to the Court would be disregarded and do not constitute the filing of pleadings. (*See* ECF Nos. 23, 26, 27.) Any pleadings which are not filed do not become part of the Court record. The Court subsequently informed Plaintiff that his OSC response had been disregarded for this reason. (ECF No. 31.) Plaintiff had another opportunity to address his failure to appear at the MSC at the telephonic show cause hearing set for December 16, 2020. (ECF No. 30.) However, Plaintiff failed to appear at the hearing. (ECF No. 32.)

Plaintiff further claims that he requested PACER access. However, no such request appears on the docket in this case.[1] Plaintiff also claims that he cannot visit the courthouse due to his immunocompromised state. However, even if Plaintiff has no PACER access and cannot file in person, he has not addressed why he could not mail his OSC response to the Clerk's Office for filing.

Next, Plaintiff claims the Court previously told him to file using the Court's e-file address. As the Court has stated on multiple occasions, e-mails to chambers are permitted where "authorized by court order or by the Court's local or chambers rules." *See* J. Burkhardt Civ. Chambers R. § I(A). For example, the Court's order resetting the MSC ordered Plaintiff to lodge his confidential settlement statement and provide contact information using the Court's e-file address. (*See* ECF No. 18 at 3–4.) Therefore, for these two explicit purposes, Plaintiff was permitted to use the Court's e-file address to communicate with the Court. Neither of these requested e-mails constituted filings. The

---

[1] The Court's Electronic Case Filing Administrative Policies and Procedures Manual requires a *pro se* party seeking leave to electronically file documents to "*file a motion* and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." *See* https://www.casd.uscourts.gov/_assets/pdf/cmecf/Electronic%20Case%20Filing%20Procedures%20Manual.pdf.

Court clearly did not, on the other hand, invite an e-mail response to the OSC. (*See* ECF No. 30 at 2.) Such a response was required to be filed. (*Id.*)

Based on the foregoing, the Court **DENIES** Plaintiff's motion to vacate **WITHOUT PREJUDICE**. The Court finds that Plaintiff has not specifically addressed *on the record* why he failed to appear at the MSC. Moreover, Plaintiff has not established his inability to pay the $75 sanction. However, given the foregoing, the Court modifies its sanctions order (ECF No. 33) to extend the deadlines, as follows:

1. Plaintiff shall pay the $75 sanction on or before **March 26, 2021** to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, fund of the United States Treasury. The check must be made payable to the Clerk of the Court, and the memo line must include this case number. Payment may be made in person at the Cashier's window located in the Clerk's Office, Suite 420, 333 West Broadway, San Diego, CA 92101-8900, or by mail to the following address:

   > U.S. District Court
   > Southern District of California
   > Financial Department
   > 333 West Broadway, Suite 420
   > San Diego, California 92101

2. Plaintiff shall file a Notice of Payment of Sanction to the Court on or before **April 9, 2021**.

3. Failure to comply with this Order shall constitute grounds for additional sanctions.

**IT IS SO ORDERED.**

Dated: February 22, 2021

*/s/ Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge