UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT KIDECKEL,<br><br>   Plaintiff,<br><br> v.<br><br>WELLS FARGO BANK, N.A.,<br><br>   Defendant. | Case No. 3:20-cv-0681-DMS-JLB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITH PREJUDICE** |

Before the Court is Plaintiff Brent Kideckel's motion to dismiss. Defendant Wells Fargo opposes the motion. For the reasons discussed below, the motion is granted.

## I.

## BACKGROUND

On February 28, 2020, Plaintiff, proceeding *pro se*, filed the instant action in the Superior Court of California for the County of San Diego alleging that Defendant violated the United States Expedited Funds Availability Act, 12 U.S.C. § 4001, et seq. (*See* ECF No. 1-2, at 2–6.) Defendant removed the case to this Court on April 8, 2020. (ECF No. 1.)

On December 31, 2020, Plaintiff filed a motion to dismiss this case. (ECF No. 36.) Plaintiff requests that the Court dismiss the case with prejudice and order the

1  parties to bear their own costs.  (*Id.*)  Defendant filed an opposition to Plaintiff's motion
2  on January 22, 2021.  (ECF No. 41.)  On February 3, 2021, Plaintiff filed a notice of
3  intention to withdraw his motion to dismiss.  (ECF No. 48.)  However, on March 1,
4  2021, Plaintiff filed another motion to dismiss.  (ECF No. 51.)

## II.

## DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) outlines the circumstances under which a Plaintiff may voluntarily dismiss his own complaint by court order.  The Rule dictates that "except as otherwise provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[1]  Fed. R. Civ. P. 41(a)(2).  "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the district court[.]"  *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980).  Further, voluntary dismissals under Rule 41(a)(2) are generally permitted "so long as the defendant will not be prejudiced or unfairly affected by dismissal."  *See Stevedoring Serv. v. Armilla Int'l, B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted).

Here, Plaintiff attests that he is "no longer able to prosecute the claim and asks that the court dismiss the claim with prejudice."  (ECF No 51.)  Defendant grounds its opposition to dismissal on the fact that "Plaintiff has repeatedly threatened to file additional lawsuits against Wells Fargo." (ECF No. 41, at 2.)  But "[p]rejudice does not arise simply because a second action has been or may be filed against the defendant."

---

[1] Rule 41(a)(1)(A) provides that a plaintiff may voluntarily dismiss his case without a court order only where explicitly allowed by statute or federal rule before the opposing party serves an answer or motion for summary judgment, or where all parties who have appeared in the action sign a stipulation of dismissal.  Here, Plaintiff cites no applicable statute or rule that would entitle him to such a dismissal. (*See* ECF Nos. 36, 51.)  Further, Defendant filed an answer in this action on April 7, 2020.  (*See* ECF No. 1-2, at 7–10.)  Therefore, Plaintiff can dismiss his complaint only by court order.

*Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005). The Court therefore dismisses the case with prejudice.

Defendant argues that the Court should order Plaintiff to (1) pay Defendant's costs totaling $835.00, and (2) close his Wells Fargo account pursuant to its authority under Rule 41(a)(2). (ECF No. 41.) Rule 41(a)(2) "vests the district court with discretion to dismiss an action 'on such terms and conditions as the court deems proper.'" *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002) (quoting Fed. R. Civ. P. 41(a)(2)). Indeed, "costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed. R. Civ. P. 41(a)(2)." *Stevedoring Serv.*, 889 F.2d at 921. However, courts generally do not award costs where an action is voluntarily dismissed with prejudice under Rule 42(a)(2).[2] 8 James Wm. Moore et al., *Moore's Federal Practice* § 41.40(10)(d)(viii) (2021) ("An award of costs and attorney's fees should be denied if the voluntary dismissal is granted with prejudice"); see also *Bruce v. Teleflora, LLC*, 2014 WL 2710974, at *3 (C.D. Cal. 2014) (listing cases supporting the proposition that "when a lawsuit is voluntarily dismissed with prejudice under [Rule 41(a)(2)], attorneys' fees have almost never been awarded"). While the Ninth Circuit has not addressed the issue of whether costs may be awarded when a case is voluntarily dismissed with prejudice, some courts have held that in such cases, "costs and fees may be imposed under 'exceptional circumstances' or pursuant to Fed. R. Civ. P. 11." *Rodriguez v. Service Employees Intern.*, 2011 WL 483120, at *3 (N.D. Cal. 2011).

---

[2] The two cases Defendant cites in its opposition brief are inapposite. (See ECF No. 41, at 5.) In *Hire A Helper, LLC v. Move Lift, LLC*, 2018 WL 1855658 (S.D. Cal 2018), the court declined to grant costs related to a voluntary dismissal *without prejudice*. In *Zora Analytics, LLC v. Sakhamuri*, 2014 WL 1289450 (S.D. Cal. 2014), the court granted the defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6), denied the plaintiff's motion to voluntarily dismiss under Rule 41(a)(2) as moot, and analyzed the defendant's entitlement to fees under Rule 54, not Rule 41. Neither case supports the proposition that a court may award costs to a defendant when a plaintiff moves to voluntarily dismiss his case *with prejudice*.

1   Even assuming the Court has the authority to award costs in such circumstances, it declines to do so, despite the troubling conduct attributed to Plaintiff.  First, as outlined in Defendant's motion for sanctions, Plaintiff repeatedly employed racially abusive and sexist language against defense counsel.  (*See* ECF No. 13-1.)  Second, Plaintiff failed to appear at a Mandatory Settlement Conference and various court-ordered telephonic motion hearings.  (*See* ECF Nos. 20, 29, 30, 32, 33, 34, 38.)  Third, Plaintiff repeatedly disregarded multiple court orders by directly emailing numerous documents to the Court.  (*See* ECF Nos. 23, 26, 27, 31, 35, 43, 45.)  The Court's refusal to grant costs in this case should not be construed as an endorsement of Plaintiff's pattern of inappropriate conduct.   However, Magistrate Judge Burkhardt already properly considered and addressed whether to impose sanctions in this case.  (*See* ECF Nos. 25, 33.)  The Court need not revisit that issue here.  Nor does the Court find that Plaintiff's conduct, improper as it may be, rises to the level of "exceptional circumstances" warranting deviation from the general practice of not awarding costs in cases voluntarily dismissed with prejudice.

Finally, Defendant requests that the Court order Plaintiff to close his Wells Fargo account as a term of dismissal.  (ECF No. 41, at 6.)  Defendant cites no authority for such an order.  (*See id*.)  Furthermore, Defendant acknowledges it has the power to close Plaintiff's account without a court order.  (*Id.*)  That is the better course here.

### III.
### CONCLUSION

Good cause appearing, it is hereby ordered that this action is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated:  April 16, 2021

Hon. Dana M. Sabraw
United States Chief District Judge